JONES v. HOLMAN et al.[1]

(Circuit Court, E. D. Pennsylvania. December 12, 1893.)

No. 15.

1. PATENTS—INFRINGEMENT—FORMAL DIFFERENCES—EASEL ALBUMS.

Differences in the length of the transverse rod to which an easel album is hinged or pivoted, and consequent differences in the distance between the standards supporting such rod, and also the use of one instead of two eyes on the album, for engaging with the rod, are merely formal differences, and do not avoid infringement.

2. SAME.

Nor is infringement avoided by the addition of a hinge at the foot of the standards for the purpose of transferring the strain from the back of the book, all the elements of the combination being retained.

3. SAME.—VALIDITY—PARTICULAR PATENTS.

The Jaeger patent, No. 432,411, for an easel album, is valid as to the particular device comprised in the combination claimed, and is infringed by defendant.

In Equity. Suit by Joshua R. Jones against William A. Holman and others for infringement of a patent. Decree for plaintiff.

Augustus B. Stoughton and H. E. Garsed, for complainant.

Hector T. Fenton, for defendants.

DALLAS, Circuit Judge. This case has been argued and considered on pleadings and proofs. It is a suit for infringement of letters patent No. 432,411, dated July 15, 1890, granted to Christian Jaeger, and now owned by the complainant. As stated in the specification:

"The invention relates to easel albums; and its object is to provide an improved album which is simple and durable in construction and permits of opening the leaves of the book and inserting the pictures without injury to the book or the stand, as is frequently the case with easel albums as now constructed. The invention consists of a book pivoted by one of its covers to the stand. The invention also consists of certain parts and details, and combinations of the same, as will be described hereinafter, and then pointed out, in the claims."

The claims alleged to be infringed are as follows:

"(1) In an album, the combination, with a stand provided with standards and a transverse rod held on the same, of a book pivoted on the outside, and at or near the middle of one of its covers to the said rod, substantially as shown and described."

"(3) In an album, the combination, with a stand, of a fixed rod supported on the said stand and a book provided on one of its covers with bearings engaging the said fixed rod to permit the said book to swing on the said fixed rod as a fulcrum, substantially as shown and described."

"(4) In an album, the combination, with a stand provided on top with an incline, of a fixed rod supported on the said stand, a book adapted to rest with its back on the said incline, and eyes secured at or near the middle of one of the covers of the said book and engaging the said fixed rod, substantially as shown and described."

The defenses set up are:

First, that the patent is invalid; and under this defense the following questions are raised:

[1] Rehearing pending.

"(a) The question of novelty as respects the device claimed in the first and third claims in question of the patent in suit; (b) the same question, in a more limited sense, of patentable novelty in view of the state of the art, as respects the device claimed in the fourth claim of the patent in suit; (c) the question of patentable combination as distinguished from aggregation, as respects the matter of the fourth claim."

Second, that the patent, even if valid, has not been infringed by the defendants.

As to the first of these defenses, the evidence fails to satisfy me that the presumption of the validity of the patent has been rebutted or in any manner overcome; and as to the second defense, I have reached the conclusion that infringement by the defendants has been proven. Whether the claims involved should be liberally, or fairly but restrictively construed, has been debated but need not be decided. It is enough, for the purposes of this case, to say that, apart from any question as to the invention being, in the broadest sense, wholly new, the patentee was, at least, the first and original inventor of the particular device or organism comprised in the combination claimed, and consisting of a transverse rod, (first claim,) or a fixed rod, (third and fourth claims,) held on standards provided on the stand, (first claim,) or supported on the said stand, (third and fourth claims;) the said rod being pivoted on the outside of a book, and at or near the middle of one of its covers, (first claim,) or engaging bearings provided on one of the covers of the book, to permit it to swing on the said fixed rod as a fulcrum, (third claim,) or engaged by eyes secured at or near the middle of one of the covers of the said book, (fourth claim,) "as substantially shown and described." It may be conceded that these several parts, separately considered, were not new, yet, with regard to the patented combination, they were, for, by the device which they composed, the purpose of the invention was made feasible, and the result attained, if not wholly novel in itself, was certainly better accomplished, and by means essentially different from any which had previously been known. A stand provided with an incline is open to the defendants as well as to the complainant. They both use it, and, if this were all, neither could rightfully complain of the other; but the true question is whether the defendants use the same, or substantially the same, combination as that of the complainant, and this actually depends upon the identity, in the sense of the patent law, of the two book-swinging mechanisms. There are structural differences between them, but some of these are, manifestly, unimportant, and those only which are most seriously insisted upon will be referred to. The complainant's rod extends across the entire width of the cover of the book, or, perhaps, slightly beyond the edge of the cover on each side; while the defendants' rod, which is placed midway between the two edges of the cover, is in length about one-third of the width of the cover; and, consequently, the supports for the rod, which, in both arrangements, are at its two ends, are further apart in the complainant's than in the defendants' device; and for the two short eyes of the former a single eye is substituted in the latter. These differences, however, are, I think, obviously merely formal; but to them there is added

a further diversity, which is worthy of more consideration. The complainant's device is hinged only between the top of the standard, or support, and the exterior of the cover, but in the defendants' there is a hinge also at the lower end of the support, hinging it to the base or stand. The object and function of this lower hinge, as stated by the defendants' expert, is "to transfer the strain from the binding edge or back of the book to the said hinged junction between the upright rod and the supporting stand; but it has also the disadvantageous tendency to cause the book, when closed, to slip from the stand, and, as it seems to me, there is but slight, if any, advantage secured by the transference of strain referred to. Even, however, if the function claimed to be performed by this additional hinge was undoubtedly, and in the highest degree, beneficial, by reason of its facilitating the working of the hinge of the complainant, and making it perform its assigned part in the combination better, yet, by making such addition, the defendants could acquire no right to appropriate the patented invention. As I have before said, there are some structural differences between the two mechanisms, but the important fact remains that every element of the complainant's combination is present in the defendants' device, and the latter produces substantially the same result as the former. This is infringement, and it is not justified by showing that the defendants have added something, whether improving or otherwise, of their own.

A decree in favor of the plaintiff, in the usual form, may be prepared and submitted.